JEFFREY S. RUGG (Nevada Bar No. 10978)
jrugg@bhfs.com
LAURA E. BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:   (702) 382-2101
Facsimile:    (702) 382-8135

Attorneys for Plaintiff
BOYD GAMING CORPORATION

FILED
APR 19 2011
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOYD GAMING CORPORATION, a Nevada Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>HANS MARTIN POLLACK, an individual,<br><br>          Defendant. | Case No. 2:11-cv-KJD-PAL<br><br>**(PROPOSED) ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

UPON CONSIDERATION of the motion filed by Plaintiff Boyd Gaming Corporation ("Plaintiff") for a preliminary injunction, the supporting memorandum of points and authorities, the supporting documents and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1. Plaintiff will suffer irreparable injury to its valuable STARDUST trademarks (collectively "STARDUST Marks," as defined in Plaintiff's Motion for Preliminary Injunction) and their associated goodwill if Defendant Hans Martin Pollack ("Defendant") is not enjoined from transferring the <stardustgaming.com> and <stardustgaming.net> domain names (the "Infringing Domain Names"), which contain the STARDUST Marks, to other domain name registrars, persons or entities.

2. Plaintiff will suffer irreparable injury to the valuable STARDUST Marks and their associated goodwill if Defendant is not enjoined from owning or using domain names containing the STARDUST Marks.

3. Plaintiff is likely to succeed on the merits of its claim for cybersquatting;

4. The balance of hardships tips in favor of Plaintiff because issuance of the injunction would merely prevent Defendant from linking the Infringing Domain Names, which incorporate Plaintiff's STARDUST Marks, to active websites, and would transfer registration of the Infringing Domain Names to Plaintiff pending trial. Conversely, without such relief, Plaintiff would continue to suffer loss of control over its goodwill and reputation;

5. Issuance of the preliminary injunction would be in the public interest because it would protect consumers against deception and confusion arising from registration and/or use of Plaintiff's STARDUST Marks by entities other than Plaintiff;

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A. Registration of the Infringing Domain Names shall be immediately transferred to Plaintiff. The domain name registrar, Glodedom, shall effectuate the transfer.

B. Glodedom shall ensure that the Infringing Domain Names are placed on hold and lock.

C. Globedom shall not cancel or transfer the Infringing Domain Names during the injunctive period.

D. In the event that Globedom fails or refuses to comply with this Preliminary Injunction within one day of its issuance, the top level domain (TLD) Registry for the Infringing Domain Names, Verisign, Inc., shall be authorized to maintain the Infringing Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registry which link the Infringing Domain Names to the IP address where the associated website is hosted, pending the outcome of this litigation.

E. Plaintiff shall not be required to post an additional bond because the evidence indicates that Defendant will only suffer, if at all, minimal damage by the issuance of this preliminary injunction, hence, the present bond of $100.00 shall remain in effect.

F. Plaintiff may, in addition to the requirements of service identified in Federal Rules of Civil Procedure 4 and 5, serve this Order on Defendant by e-mail transmission.

ENTERED this 19th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE